RUMSEY INDIAN RANCHERIA OF WINTUN INDIANS, et al., Plaintiffs,

v.

Governor Pete WILSON and State of Defendants.

and Consolidated Cases

No. CIV. S–92–812 GEB.

United States District Court, E.D. California.

Sept. 12, 2000.

Howard L. Dickstein, Dickstein and Merin, Sacramento, CA.

George Forman, Forman and Prochaska, San Rafael, CA.

Jerome L. Levine, Levine and Associates, Los Angeles, CA.

Glenn M. Feldman, O'Connor Cavanagh Anderson Westover Killingsworth and Beshea, Phoenix, AZ.

John Winkelman, Law Offices of John Winkelman, Alpine, CA.

Lester J. Marston, Rapport and Marston, Ukiah, CA.

Manuel Michael Medeiros, Attorney General's Office of the State of California, Sacramento, CA.

Barbara Ellen Karshmer, Alexander and Karshmer, Berkeley, CA.

Art Bunce, Law Offices of Art Bunce, Escondido, CA.

Matthew J. Geyer, Landels Ripley and Diamond LLP, San Francisco, CA.

*ORDER*

BURRELL, District Judge.

The opinion filed September 16, 1998, and reported at 39 F.Supp.2d 1227 (E.D.Cal.1998), is withdrawn[1] and the judgment entered on the same date is vacated.

Further, because of the addition of subdivision (f) to Article IV, § 19 of the California Constitution and pursuant to the stipulation of the parties, it is ordered that a new judgment be entered declaring that the State of California expressly permits the operation of slot machines, lottery games, and banking and percentage games by federally recognized Indian tribes on Indian lands in California,[2] when Compacts have been entered into in accordance with subdivision (f) and federal law. Each party shall bear its own costs and attorneys' fees.

IT IS SO ORDERED.

---

1. I did not authorize the publication of the withdrawn opinion.

2. The term "Indian lands" is defined in the Indian Gaming Regulatory Act, 25 U.S.C. § 2703.